Robert ATWELL, Jesse L. Jackson and Ricky G. Atwell, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–779A206.

Court of Appeals of Indiana, Fourth District.

Jan. 17, 1980.

M. Anne Wilcox and Ralph Ogden, Wilcox & Ogden, Indianapolis, for appellants.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After trial by jury, appellants-defendants Robert Atwell, Richard Atwell and Jesse Jackson were found guilty of second degree burglary and now appeal. We dismiss that appeal because of their failure to timely file the record of proceeding with this court.

The record reveals the following sequence of events:

| | |
|---|---|
| April 5, 1977 | Information filed. |
| February 6, 1978 | Trial held; guilty verdict returned. |
| February 28, 1978 | Sentenced. |
| March 9, 1978 | Preliminary Praecipe and Notice of Appeal filed. |
| April 25, 1978 | Motion to Correct Errors filed. |
| April 26, 1978 | Motion to Correct Errors overruled. |
| February 15, 1979 | Commitment set for March 13, 1979 due to neither defendant's perfecting of appeal. |
| March 13, 1979 | Commitments issued; Petition for Leave to File Belated Motion to Correct Errors. |
| March 15, 1979 | Petition granted. |
| April 16, 1979 | Belated Motion to Correct Errors filed (identical to Motion to Correct Errors of April 25, 1978); Belated Motion to Correct Errors overruled. |
| May 2, 1979 | Praecipe filed. |
| July 16, 1979 | Record filed with Clerk of Court of Appeals (91 days after ruling on Belated Motion to Correct Errors, the 90th day was a Sunday). |

Under Ind.Rules of Procedure, Appellate Rule 3(B), the Record of Proceedings should have been filed by July 25, 1978. No timely Record of Proceedings was filed. The record was finally filed on July 16, 1979.[1]

On March 13, 1979, appellants filed a Petition to File a Belated Motion to Correct Errors which was granted by the trial court on March 15, 1979. This was error.

Indiana Rules of Procedure, Post Conviction Rule 2 outlines when a defendant may petition the court of conviction to permit a Belated Motion to Correct Errors to be filed. The pertinent parts of P.C. 2 are as follows:

Section 1. Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

(a) no timely and adequate motion to correct error was filed for the defendant;

(b) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(c) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

.    .    .    .    .    .

If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period.

If the trial court finds no such grounds, it shall deny defendant permission to file the motion. .    .    .

▮ The trial court ordered trial counsel to file a timely Motion to Correct Errors and this was done. We assume the motion was adequate and the belated motion was filed only for purposes of establishing new time limits within which to file the praecipe and record. We assume this because the belated motion was identical to the original motion and therefore does not even attempt to correct any possible inadequacies. We find that because a timely and adequate Motion to Correct Errors was filed, the mandates of P.C. 2 expressly prohibited the trial court from later granting the Petition to File a Belated Motion to Correct Errors. Doing so was error. When the appeal was not properly perfected following the trial court's overruling of the original Motion to Correct Errors, defendants were relegated to the relief provisions of P.C. 2, § 2, which require that under these circumstances, they petition *this court* for permission to file a belated appeal. The course followed by appellants and the trial court in this case would effectively remove from this court any discretion under Rule P.C. 2, § 2 and requires us to review on the merits all belated appeals which came to us in this manner. If we do not review, *sua sponte*, the error granting permission to file Belated Motions to Correct Errors, P.C. 2, § 2 will be in part circumvented.

Dismissed.

MILLER, P. J., and CHIPMAN, J., concur.

---

1. Under P.C. 2, § 1, this filing would have been timely if the trial court had authority to grant the Petition to File a Belated Motion to Correct Errors. It did not have such authority as discussed in the text.