MONTGOMERY, ZUKERMAN, DAVIS, INC., and Instant Access Storage Systems, Inc., Appellants–Plaintiffs,

v.

CHUBB GROUP OF INSURANCE COMPANIES, Federal Insurance Company, Chubb & Son, Inc., Herke Insurance Center, Inc., Appellees–Defendants.

No. 49A05–9804–CV–193.

Court of Appeals of Indiana.

Sept. 11, 1998.

John D. Raikos, Indianapolis, for Appellants–Plaintiffs.

Karl Mulvaney, David C. Campbell, James M. Hinshaw, Bingham Summers Welsh & Spilman, Indianapolis, for Appellees–Defendants.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Plaintiffs Montgomery, Zukerman, Davis, Inc., and Instant Access Storage Systems, Inc. ("Insured") appeal the adverse summary judgment entered in favor of their insurer and its agents, Appellees–Defendants Chubb Group of Insurance Companies, Federal Insurance Company, and Chubb & Son, Inc. ("Insurance Company"). We dismiss for lack of jurisdiction. However, we grant Insurance Company's request for an award of appellate attorney's fees.

### Issues

The dispositive issues may be restated as:

I. Whether Insured's failure to file the record of proceedings with this court within ninety days of the date it filed its praecipe has divested this court of jurisdiction to determine the merits of this appeal.

II. Whether Insured's conduct in prosecuting this appeal, including its failure to disclose the fact that it had filed a praecipe for the purposes of filing an appeal on November 1, 1996, warrants an award of appellate attorney fees in favor of Insurance Company.

### Facts

The dispositive facts reveal that on October 2, 1996, the trial court entered the following order styled "ORDER ON MOTION FOR SUMMARY JUDGMENT:"

> Comes now the Court after having conducted oral argument on Defendant's, Chubb Group of Insurance Companies and Chubb and Son, Inc. (collectively referred to as "Federal Insurance Company"), Motion for Summary Judgment, and finds as follows, to wit:
>
> 1. No genuine issues of material fact remain for trial.
>
> 2. There is no factual dispute and this cause may be determined as a matter of law.
>
> 3. The law is with the Defendants and against the Plaintiffs.
>
> 4. Federal Insurance Company's Motion for Summary Judgment is granted.

(R. 77; pertinent part only). Accordingly, on November 1, 1996, Montgomery filed a timely "PRAECIPE FOR RECORDS FOR PURPOSE OF FILING AN APPEAL." (Supp. R. 7). However, no petition for an extension of time in which to file the record was ever filed in this court.

In January of 1998, Montgomery filed another "PLAINTIFFS' PRAECIPE FOR RECORD AND NOTICE OF INTENT TO APPEAL." (R. 188–191). The record of proceedings was filed in this Court on April 9, 1998, almost a year and a half after the first praecipe had been filed.

### Discussion and Decision

#### I. Jurisdiction

■ It is the duty of the Court of Appeals to determine whether it has jurisdiction

before proceeding to determine the merits of any case. *Dailey Oil, Inc. v. Jet Star, Inc.,* 650 N.E.2d 345, 346 (Ind.Ct.App.1995). When this court determines that it does not have jurisdiction, it shall dismiss the appeal. *Bayless v. Bayless,* 580 N.E.2d 962, 964 (Ind. Ct.App.1991), *trans. denied.*

■■■ Indiana Appellate Rule 3(B) reads in pertinent part as follows:

[T]he record of the proceedings must be filed with the clerk of the Supreme Court and Court of Appeals within ninety [90] days from the date the praecipe is filed.

Filing of the record is a jurisdictional act, and the failure to timely file the record is clear grounds for dismissal of the appeal. *American Fletcher National Bank and Trust Co. v. Pavilion, Inc.,* 453 N.E.2d 156, 158 (Ind.1983). Strict compliance with the ninety day time limit of App.R. 3(B) is required and failure to do so results in the forfeiture of the right to appeal. *Id.; See also State v. Innkeepers of New Castle, Inc.,* 271 Ind. 286, 392 N.E.2d 459, 461 (1979); *Atwell v. State,* 399 N.E.2d 412, 413 (Ind.Ct. App.1980).

■■ Insured argues the trial court's October 2, 1996, order granting summary judgment is not a final judgment upon which an appeal could be taken. Specifically, Insured points out that the trial court did not use the words "decreed" or "adjudged," nor did it enter a formal judgment or separate document entitled "Entry of Judgment." Insured argues that these formalities are required under Ind. Trial Rules 54(A) and 58 before a final appealable judgment is effected. We disagree.

■■ A final appealable order or judgment is one which disposes of all of the issues as to all of the parties and puts an end to the particular case. *Stowers v. Norwest Bank Indiana, N.A.,* 624 N.E.2d 485, 489 n. 1 (Ind.Ct.App.1993) (entry of summary judgment in favor of trustee effectively put an end to the case as to the parties and thus was a final appealable judgment), *trans. denied; Doperalski v. City of Michigan City,* 619 N.E.2d 584, 585 (Ind.Ct.App.1993); *Bayless,* 580 N.E.2d at 964. The sufficiency of a judgment is to be tested by its substance rather than its form. *Henderson v. Sneath Oil Co., Inc.,* 638 N.E.2d 798, 803 (Ind.Ct. App.1994). The judgment must show distinctly, and not inferentially, that the matters litigated have been disposed of in favor of one of the parties and the rights of the parties have been finally adjudicated. *Id.* Even where the trial court's order lacks some of the details or formalities generally required in a judgment, the order is nevertheless a final appealable judgment where it disposes of all claims of all of the parties. *See Chesterfield Management, Inc. v. Cook,* 655 N.E.2d 98, 100 (Ind.Ct.App.1995), *trans. denied; See also, Conner v. Conner,* 666 N.E.2d 921, 925–26 (Ind.Ct.App.1996) (dissolution decree was effectively entered in accordance with T.R. 58 where the entry included all of the essential terms of the decree but had omitted only the formal language of the order); *Henderson,* 638 N.E.2d at 803–04 (technical noncompliance with T.R. 58 with respect to the form of the judgment will not warrant reversal unless a substantive right has been prejudiced).

The October 2, 1996, order, as set out above, plainly states 1) that no genuine issue of material fact remains for trial, 2) that the cause may be determined as a matter of law, and 3) that Insurance Company's motion for summary judgment is granted. Even if the trial court's October 2, 1996, order lacked some of the details or formalities generally required in a judgment, it is abundantly clear that the order disposed of all of the issues as to all of the parties and put an end to the case. Therefore, the October 2, 1996, order was a final appealable order or judgment.

Moreover, Insured cannot show that it was misled or prejudiced by the form of the October 2, 1996 order/judgment. Insured's contention that it did not consider the trial court's October 2, 1996, order a final, appealable order or judgment is belied by the fact that Insured filed a "PRAECIPE FOR RECORDS FOR PURPOSE OF FILING AN APPEAL" on November 1, 1996, within thirty days of the October 2, 1996, order. It is axiomatic that an appeal is initiated by filing with the clerk of the trial court a praecipe within thirty days after "the entry of a final judgment *or appealable final or-*

*der....*" Ind. Appellate Rule 2(A) (emphasis added). The filing of a praecipe, in effect, constitutes notice of an appeal.

Based on the above, we find that this court lacks jurisdiction to decide the merits of this appeal due to Insured's failure to file the record with the clerk of this court within ninety days of the timely filed November 1, 1996, praecipe. The untimely filing of the record has resulted in the forfeiture of Insured's right to appeal and we are without jurisdiction to decide the merits of this appeal. Therefore, we must dismiss.

## II. Appellate Attorney Fees

■ Insurance Company has requested an award of appellate attorney fees based upon Insured's conduct in prosecuting this appeal. At the outset, we note that Indiana Appellate Rule 15(G) provides this court with discretionary authority to award damages in favor of the appellee when we *affirm* the judgment. Therefore, at first blush it would appear that we lack the authority to make such an award under the present circumstances under which we *dismiss* the appeal for lack of jurisdiction. Nevertheless, we hold we have the inherent authority to make an award of appellate attorney fees under the present circumstances despite the language of App.R. 15(G). *See Matter of Estate of Kroslack,* 570 N.E.2d 117, 121 (Ind.Ct. App.1991) (court has inherent equitable power to enter an award of attorney fees under the appropriate circumstances); *State v. Nesius,* 548 N.E.2d 1201, 1205 n. 2 (Ind.Ct.App. 1990) (court of appeals has inherent authority under App.R. 15(N)(6) to grant all appropriate relief on appeal). After all, the failure to invoke the court's jurisdiction does render "appellant's contentions and argument ... utterly devoid of all plausibility." *See Orr v. Turco Manufacturing Co., Inc.,* 512 N.E.2d 151, 153 (Ind.1987).

■ In the present case, Insured filed a thirty page brief along with a ninety-one page appendix which contained evidence outside the record. However, the most important factor in our decision to award appellate attorney's fees is that Insured failed to disclose in its Statement of the Case or elsewhere in its brief that it had filed a "PRAE-

CIPE FOR RECORDS FOR PURPOSE OF FILING AN APPEAL" on November 1, 1996, within thirty days of the trial court's summary judgment order. The filing of this praecipe, as noted above, undermined Insured's contention that it had not considered the trial court's order granting summary judgment a final appealable order. Moreover, Insured failed to include in the record submitted on appeal the November 1, 1996, praecipe. This failure required Insurance Company to file a supplemental record containing the praecipe and other important records supporting the trial court's grant of summary judgment.

■ We recognize that an appellate tribunal must use extreme restraint when exercising its discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal. *See John Malone Enterprises, Inc. v. Schaeffer,* 674 N.E.2d 599, 606 (Ind. Ct.App.1996). Nevertheless, in *Posey v. Lafayette Bank and Trust Co.,* 512 N.E.2d 155 (Ind.1987), *cert. denied,* 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502, our supreme court held that an award of appellate attorney fees was appropriate where appellant had failed to disclose his previous appeal, omitted and misstated facts established in the record, and his brief appeared to have been written in a manner calculated to require the maximum expenditure of time both by appellee and by the appellate court. *Id.* at 156.

We hold that Insured's conduct in the present case was sufficiently similar to the conduct sanctioned in *Posey* to justify the imposition of a reasonable attorney's fee. Therefore, we remand with instructions that the trial court enter an award of attorney fees as may be determined to be appropriate. *See id.*

Appeal dismissed, cause remanded for an award of attorney fees.

BAKER and DARDEN, JJ., concur.