**Warren GUTERMUTH, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

**No. 10S01–0404–PC–190.**

Supreme Court of Indiana.

Nov. 9, 2004.

---

Susan K. Carpenter, Public Defender of Indiana, Gregory J. Garvey, Deputy Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 10A01–0306–PC–218

SULLIVAN, Justice.

In January, 1997, Warren Gutermuth pled guilty in accordance with a plea agreement to three counts of Class C felony child molestation in an "open plea," i.e., with sentencing left to the trial court's discretion. The trial court sentenced Gutermuth to three consecutive eight-year sentences, with four years of the third sentence suspended.

Gutermuth did not file a direct appeal. He did file a pro se petition for post-conviction relief in July, 2000. He amended the petition in December, 2002. In the petition for post-conviction relief, Gutermuth challenged the trial court's consideration of various aggravating and mitigating factors in determining his sentence.

In April, 2003, the post-conviction court denied Gutermuth's petition, finding that the trial court properly considered the aggravating and mitigating factors involved. The Court of Appeals affirmed the post-conviction court's denial of Gutermuth's post-conviction relief petition on its merits but rejected the State's argument that his sentence challenge was waived due to procedural default. *Gutermuth v. State,* 800 N.E.2d 592, 598 (Ind.Ct.App.2003). The State seeks transfer, challenging this latter determination.

On the same day *Gutermuth* was decided, the Court of Appeals also decided *Collins v. State,* 800 N.E.2d 609 (Ind.Ct.App. 2003), a case that raised the identical issue, namely, whether an individual who pleads guilty to an offense in an "open plea" is entitled to challenge the sentence imposed by means of a petition of post-conviction relief. We decide *Collins* in a separate opinion today. *Collins v. State,* No. 49S05–0404–PC–189, —— N.E.2d ——, 2004 WL 2524882 (Ind. Nov. 9, 2004). Following *Taylor v. State,* 780 N.E.2d 430 (Ind.Ct.App.2003), *trans. denied,* 804 N.E.2d 760 (Ind.2003), we hold in *Collins* that such claims must be raised on direct appeal if at all. We also point out that Ind. Post–Conviction Rule 2 may be available for this purpose.

In all relevant respects, Gutermuth's situation is the same as that of the petitioner in *Collins.* Accordingly, we hold that the post-conviction court should have dismissed the petition for post-conviction re-

lief for lack of jurisdiction without prejudice to any right Gutermuth may have to file a belated notice of appeal in accordance with the requirements of P–C. R. 2.

Given our resolution of the procedural issues in this case, we find no need to review the merits of Gutermuth's sentencing claim.

### Conclusion

Having previously granted transfer, thereby vacating the opinion of the Court of Appeals, we remand to the post-conviction court with instructions to vacate its order denying Gutermuth's petition for post-conviction relief and to enter an order dismissing Gutermuth's petition for post-conviction relief without prejudice.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ, concur.