**Timothy D. MEADOWS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 16A04–0409–PC–473.**

Court of Appeals of Indiana.

March 9, 2005.

Timothy D. Meadows, Greencastle, IN, Appellant pro se.

Stephen R. Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

HOFFMAN, Senior Judge.

Petitioner–Appellant Timothy D. Meadows ("Petitioner") appeals from the post-conviction court's denial of his petition for post-conviction relief.

On December 11, 2003, Petitioner pled guilty to three counts of child exploitation, Class D felonies. Ind.Code § 35–42–4–4(c). In exchange for his plea, the State dismissed other counts against Petitioner. Petitioner's plea was an "open plea" leav-

ing the issue of sentencing to the trial court's discretion. On January 20, 2004, the trial court sentenced Petitioner to a term of one and a half years on each of the counts to be served consecutively. Petitioner did not file a direct appeal in this matter.

On June 18, 2004, Petitioner filed a petition for post-conviction relief alleging that the trial court committed errors in sentencing Petitioner. The post-conviction court denied Petitioner's petition on August 12, 2004. Petitioner brought this appeal.

Petitioner claims that the post-conviction court erred in denying his petition because the trial court erroneously imposed consecutive sentences. The State contends that Petitioner has waived this argument by failing to raise this issue in a direct appeal.

■ The supreme court has held that a person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. *See Collins v. State,* 817 N.E.2d 230, 231 (Ind.2004). But, if a defendant pleads guilty, he or she is entitled to contest the merits of a trial court's sentencing decision in cases such as this where the sentence is not fixed by the plea agreement. *Id.* The supreme court has also held that an issue that is known and available, but not raised on direct appeal, may not be raised in post-conviction proceedings. *Id.* at 232.

■ In *Collins* and *Gutermuth v. State,* 817 N.E.2d 233 (Ind.2004), the supreme court held that when challenging the sentence imposed, a defendant who has pled guilty with an open plea must file a direct appeal, or if the time for filing a direct appeal has run, to file an appeal under Ind. Post–Conviction Rule 2. *Collins,* 817 N.E.2d at 233; *Gutermuth,* 817 N.E.2d at 234–35. Therefore, the State is correct that

the Petitioner's challenge to his sentence was waived due to procedural default. Furthermore, the post-conviction court should have dismissed the petition for post-conviction relief for lack of jurisdiction without prejudice to any right Petitioner may have to file a belated notice of appeal in accordance with P–C.R. 2. *See Collins,* 817 N.E.2d at 233; *Gutermuth,* 817 N.E.2d at 235.

Consequently, we do not address the merits of Petitioner's sentencing error claim. This matter is remanded to the post-conviction court with instructions to vacate its order denying Petitioner's petition for post-conviction relief and to enter an order dismissing Petitioner's petition for post-conviction relief without prejudice.

Remanded with instructions.

NAJAM, J., and VAIDIK, J., concur.