**Lish BREWER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0411–PC–631.

Court of Appeals of Indiana.

July 7, 2005.

Transfer Denied Sept. 28, 2005.

6. Amended by Public Law 71–2005, Sec. 3.

David Becsey, Zeigler Cohen & Koch, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Lish Brewer ("Brewer") petitioned for post-conviction relief, but the petition was dismissed upon the trial court's determination that Brewer should pursue a belated direct appeal to challenge the sentence imposed upon him for Burglary, a Class B felony.[1] We reverse and remand for a post-conviction hearing.

### Issue

Brewer presents a single issue for review: whether the imposition of his ten-year sentence for Burglary violates Indiana Code Section 35–35–3–3, which requires that, if a trial court accepts a plea agreement, it is bound by its terms. We address, sua sponte, the issue of whether this Court has jurisdiction over a belated appeal challenging Brewer's sentence.

### Facts and Procedural History

On January 1, 2001, Indianapolis Police Officer Jeff Good ("Officer Good") responded to a residential alarm at 4131 Whitaker Street, where he observed broken glass and an open door. Officer Good observed Brewer walk out of the residence carrying a garbage bag. A search of the garbage bag and Brewer's person yielded a videogame player, a video recorder, jewelry and a portable compact disc player.

On January 11, 2001, the State charged Brewer with Burglary and Theft, a Class

---

1. Ind.Code § 35–43–2–1.

D felony.[2]  Brewer and the State executed a Plea Agreement, which provided in pertinent part that the State would dismiss the Theft charge and Brewer would plead guilty to Burglary.  With respect to the sentence for Burglary, the Plea Agreement contained the following language:

> No recommendation—except for cap of six (6) years.  Restitution.

(App.59.)  On May 23, 2001, Brewer pleaded guilty to the charge of Burglary.  On May 25, 2001, the trial court conducted a sentencing hearing.  At that hearing, the trial court expressed its understanding that the "cap of six years" referred to executed time and gave Brewer a choice of a six-year executed sentence or a ten-year sentence to be suspended, with four years to be served on probation.  In accordance with Brewer's choice, the trial court imposed upon Brewer a ten-year suspended sentence, with four years to be served on probation.

On March 21, 2003, Brewer's probation was revoked and he was ordered to serve eight years imprisonment.  On December 19, 2003, Brewer filed a pro se Motion to Correct Erroneous Sentence, pursuant to Indiana Code Section 35-38-1-15.  On that same date, the trial court construed the motion as one for post-conviction relief and set the matter for a post-conviction hearing to be held on July 14, 2004. On February 6, 2004, the trial court found Brewer to be indigent and entitled to the services of the Indiana Public Defender's Office.

On March 3, 2004, Brewer filed a pro-se "Motion for Modification of Sentence or Reinstatement to Probation."  (App.90.)  On September 2, 2004, Brewer filed a prose "Motion for Modification of Sentence or Alternate Placement."  (App.103.)  In part, Brewer requested the modification of his sentence because of his educational attainment and rehabilitation.  On September 17, 2004, Brewer, by counsel, filed a petition for post-conviction relief, designating the petition as an "Amendment to Petition for Post–Conviction Relief."  (App.113.)  Therein, Brewer alleged that his sentence violated Indiana Code Section 35-35-3-3(e) and that he received ineffective assistance of trial counsel.

On November 17, 2004, the trial court, rather than conducting an evidentiary post-conviction hearing, concluded that Brewer was entitled to pursue a belated direct appeal.  The trial court dismissed Brewer's post-conviction relief petition, without prejudice.  On November 23, 2004, Brewer filed his Belated Notice of Appeal.

### Discussion and Decision

■  At the outset, we must determine whether we have jurisdiction over a belated appeal by Brewer, or whether his claim is for post-conviction relief and he is entitled to a post-conviction hearing at which he might present pertinent evidence.  It is the duty of the Court of Appeals to determine whether it has jurisdiction before proceeding to determine the merits of any case.  *Montgomery, Zukerman, Davis, Inc. v. Chubb Group of Ins. Cos.*, 698 N.E.2d 1251, 1252–53 (Ind.Ct.App.1998), *trans. denied.*

■  Brewer initially presented his argument by way of a motion to correct erroneous sentence under Indiana Code Section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void.  The sentence shall be corrected after written notice is given to the convicted person.  The convicted person and his counsel must be present

---

2.  Ind.Code § 35–43–4–2.

when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The motion to correct sentence is appropriate only when the sentencing error is clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind.2004). Where sentencing claims are not facially apparent, the claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings. *Id.* Accordingly, Brewer's final amendment of his claim designated the claim as one for post-conviction relief. Therein, he alleged a violation of Indiana Code Section 35–35–3–3(e), which provides: "If the court accepts a plea agreement, it shall be bound by its terms." Additionally, Brewer alleged he received ineffective assistance of guilty plea counsel.

■ Apparently, in deciding that Brewer did not state a claim for post-conviction relief, the trial court relied upon two cases decided by our Supreme Court on November 9, 2004, *Collins v. State*, 817 N.E.2d 230 (Ind.2004) and *Gutermuth v. State*, 817 N.E.2d 233 (Ind.2004). A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. *See Collins*, 817 N.E.2d at 231. However, if a defendant pleads guilty, he or she is entitled to appeal and contest the merits of a trial court's sentencing decision in cases where the sentence is not fixed by the plea agreement. *Id.* If the time for filing a direct appeal has expired, the defendant may file a belated notice of appeal under Ind. Post–Conviction Rule 2. *Id.* at 233; *Gutermuth*, 817 N.E.2d at 234–35. Accordingly, an indi-

vidual who pleads guilty to an offense in an "open plea" is not entitled to challenge the sentence imposed by means of a post-conviction petition, but must raise such claims on direct appeal if at all. *Gutermuth*, 817 N.E.2d at 234. An "open plea" is defined as one in which "sentencing [is] left to the trial court's discretion." *Id.*

■ Here, unlike the defendants in *Collins* and *Gutermuth*, there was an agreement between the State and Brewer as to his sentence. The parties intended to condition the acceptance of the plea agreement upon the trial court's acceptance of the State's sentencing recommendation. A plea agreement is a contract, binding upon both parties when accepted by the trial court. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind.Ct.App.2001), *trans. denied.* If the trial court accepts the prosecutor's recommendation, the court is bound by the sentencing terms contained in the agreement and further sentencing discretion of the trial court is foreclosed. *Jeffries v. State*, 744 N.E.2d 1056, 1058 (Ind.Ct.App.2001).

■ The crux of Brewer's sentencing challenge is that the trial court violated an express term of his sentencing agreement with the State, not that the trial court abused its sentencing discretion under an open plea, as in *Collins* and *Gutermuth*. Brewer also alleged that his counsel was ineffective because he failed to advise Brewer that the sentence was in contravention of the plea agreement and statutory authority. Accordingly, Brewer's claim is for post-conviction relief, rather than direct review of a discretionary sentence imposed under an open plea. Brewer is entitled to a post-conviction hearing at which he may present evidence in support of his allegations.

We reverse the dismissal of Brewer's petition for post-conviction relief and remand for a post-conviction hearing.

Reversed and remanded.

FRIEDLANDER, J., and ROBB, J., concur.