Andre E. **EDWARDS**, Appellant–
Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 45A03–0504–CR–156.

Court of Appeals of Indiana.

Feb. 21, 2006.

Jeffrey Schlesinger, Crown Point, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Andre E. Edwards appeals the propriety of the fifteen-year sentence that was imposed following his guilty plea to Neglect of a Dependent,[1] a class B felony. Edwards claims that he should not be foreclosed from challenging his sentence even though he decided to plead guilty. In essence, Edwards maintains that while the written plea agreement he signed indicated a fifteen-year sentencing "cap," the trial court still had discretion to decide the precise sentence that should be imposed. Edwards further maintains that his sentence must be set aside because the trial court improperly considered the victim's age as an aggravating circumstance.

We conclude that Edwards is precluded from challenging the appropriateness of the sentence under Indiana Appellate Rule 7(B)[2] because he was sentenced in accordance with the agreed-upon penalty range that was set forth in the plea agreement. However, we also find that Edwards may challenge the propriety of the aggravating circumstances that were found. In considering this challenge, we conclude that the trial court properly considered the victim's age to be an aggravating factor. We also note that while one of the other aggravators was improper, the remaining two were valid and could be used to enhance Edwards's sentence. Thus, we affirm the judgment of the trial court.

### FACTS

On August 29, 2002, Edwards was babysitting Latrice Brown's three small children in East Chicago while Brown was at work. At some point, Edwards struck fifteen-month-old D.T. two or three times in her back with an open hand. D.T. fell down and began to hyperventilate. Ed-

---

1. Ind.Code § 35-46-1-4.

2. This rule provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

wards also observed that "snot and blood [were coming] from her nose." Appellant's App. p. 43.[3] After the police were called, D.T. was airlifted to University of Chicago Hospital where she later died as a result of blunt force trauma. Thereafter, Edwards gave a statement to police admitting that he had struck D.T. several times.

As a result of the incident, Edwards was charged with two counts of battery and one count of neglect of a dependent. Thereafter, Edwards entered into a plea agreement with the State, and stipulated to a factual basis for the plea. The terms of the agreement called for Edwards to plead guilty to neglect of a dependent with a dismissal of the battery charges after sentencing. The agreement also provided that the parties were free to argue for the appropriate sentence, but a "cap" of fifteen years was to apply to any sentence that the trial court decided to impose. Appellant's App. p. 41.

At the change of plea hearing, Edwards was advised of the rights he was waiving by pleading guilty, and the trial court informed him of the possible penalties for class B felony neglect of a dependent.[4] The trial court also determined that Edwards's plea was knowing and voluntary, and a factual basis was established for the crime. The trial court accepted the guilty plea, and it heard arguments presented by both counsel. At sentencing, the trial court considered Edwards's decision to plead guilty and his acceptance of his responsibility for the crime as significant mitigating circumstances. The trial court went on to identify Edwards's criminal history, his need for correctional and rehabilitative treatment that would be best pro-

vided by commitment to a penal facility, and D.T.'s age as aggravating circumstances. The record shows that Edwards had a juvenile adjudication for what would be the offense of robbery if committed by an adult, and an adult misdemeanor conviction for disorderly conduct. The trial court then determined that the aggravating circumstances outweighed the mitigating factors and sentenced Edwards to fifteen years. He now appeals.

## DISCUSSION AND DECISION

### I. Waiver of Sentencing Challenge

█ Edwards argues that his sentence was erroneous because the "waiver of the inappropriate sentencing standard [amounts] to a conflict with his constitutional right to appeal sentencing determinations." Appellant's Br. p. 1. In response, the State asserts that Edwards is foreclosed from making any argument about the sentence because Edwards entered into a plea agreement that specifically provided that he could be sentenced "up to" fifteen years. Appellee's Br. p. 4. Therefore, the State maintains that Edwards necessarily agreed that any sentence imposed within that range was appropriate. Moreover, the State asserts that Edwards's arguments with regard to the trial court's determination of aggravators and mitigators are waived. *See* Appellee's Br. p. 4–5.

█ We initially observe that our Supreme Court has held that a defendant who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal. *Lee v. State*, 816 N.E.2d 35, 40 (Ind.2004) (recognizing that a defendant

---

3. The State and Edwards both agreed to these facts as part of the stipulated factual basis.

4. The presumptive or "advisory" sentence for a class B felony is ten years with no more

than ten years added for aggravating circumstances and no more than four years subtracted for mitigating factors. Ind.Code § 35–50–2–5.

may not enter into a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence); *see also Collins v. State,* 817 N.E.2d 230, 231 (Ind.2004); *Gutermuth v. State,* 817 N.E.2d 233 (Ind. 2004). But a defendant who has pleaded guilty is entitled to appeal and contest the merits of a trial court's sentencing decision in cases where the sentence is not fixed by the plea agreement. *Collins,* 817 N.E.2d at 230. Additionally, an individual who pleads guilty to an offense pursuant to an "open plea" is not entitled to challenge the sentence imposed by means of a post-conviction petition, but must instead raise such claims on direct appeal, if at all. *Kling v. State,* 837 N.E.2d 502, 504 (Ind. 2005); *Gutermuth,* 817 N.E.2d at 234. An "open plea" is defined as one in which "sentencing [is] left to the trial court's discretion." *Id.*

It is apparent that considerable confusion remains regarding the extent to which a defendant may appeal a sentence after entering into a plea agreement. For instance, an issue that remains open is whether a plea agreement with a provision capping the trial court's sentencing discretion to a particular sentencing range, thereby guaranteeing the defendant something less than the maximum possible sentence, is like an open plea that contains no term regarding the sentence. *See Kling,* 837 N.E.2d at 506 n. 4. To be sure, our Supreme Court has granted transfer in two unpublished memorandum decisions that relate to this issue. *See Carroll v. State,* No. 61A04-0409-CR-483, 828 N.E.2d 459 (Ind.Ct.App., May 4, 2005); *Childress v. State,* No. 61A01–0409–CR–391, 826 N.E.2d 165 (Ind.Ct.App. Apr.14, 2005).

Oral argument was held in both cases on September 28, 2005, and as of today's date, no decisions have been announced.[5]

In this case, it is apparent that Edwards did not agree to a "fixed" term of years under the plea agreement. Rather, as indicated above, the parties were free to argue for the appropriate number of years, not to exceed fifteen, at the sentencing hearing. Even when considering this "cap" of years that the parties had agreed upon, the trial court nonetheless was required to exercise some discretion in determining the precise sentence that was to be imposed: the presumptive sentence— now the "advisory" sentence—for a Class B felony is ten years, which, in turn, may be enhanced by a maximum of ten years. *See* Ind.Code § 35–50–2–5. Hence, we cannot say that the holdings advanced in cases barring sentencing challenges under Appellate Rule 7(B) would preclude Edwards from challenging the merits of the sentencing decision, such as the trial court's consideration and weighing of aggravating and mitigating circumstances. Such a view comports with our Supreme Court's decision in *Tumulty v. State,* where it was held that a defendant is "entitled to contest the merits of a trial court's sentencing [decision] where the court has exercised sentencing discretion." 666 N.E.2d 394, 396 (Ind.1996); *see also Collins,* 817 N.E.2d at 230; *see also Gornick v. State,* 832 N.E.2d 1031, 1035 n. 1 (Ind.Ct.App.2005) (holding that waiver of the inappropriate standard under Appellate Rule 7(B) in no way impinges upon a defendant's ability to challenge the trial court's exercise of its sentencing discretion). Inasmuch as Edwards is challeng-

---

**5.** In light of our Supreme Court's pronouncement in *Kling* and its decision to grant transfer in *Carroll* and *Childress,* we now recede from our earlier position taken in *Bennett v. State,* 813 N.E.2d 335, 338 (Ind.Ct.App.2004), where we determined that when sentencing is to be left to the discretion of the trial court in light of an open plea, the defendant "has implicitly agreed that his sentence is appropriate."

ing the sentencing decision in an instance where the trial court has exercised some discretion, he is not precluded from presenting an issue with respect to the aggravators and mitigators that were found.

Put another way, there is nothing in Edwards's plea agreement indicating that he may have "consented" to the trial court's determination of the relevant aggravating and mitigating circumstances and the balancing of those factors. Rather, following the lead of *Collins* and *Gutermuth*, it is our view that Edwards has waived a challenge to the appropriateness of his sentence under Indiana Appellate Rule 7(B). But Edwards is not foreclosed from asserting that the trial court improperly considered D.T.'s age as an aggravating factor when considering the sentence to impose. *See Gornick*, 832 N.E.2d 1031, 1035 n. 1. Thus, we now proceed to address that contention.

## II. Finding of Aggravating Circumstances

■ Edwards claims that the trial court erred in considering D.T.'s age as an aggravating factor when deciding the sentence. Hence, because the victim's age was an element of the charged offense, Edwards claims that the fifteen-year sentence cannot stand.

■ We note that sentencing decisions are within the sound discretion of the trial court. *Jones v. State*, 790 N.E.2d 536, 539 (Ind.Ct.App.2003). And those decisions are given great deference on appeal and will only be reversed for an abuse of discretion. *Beck v. State*, 790 N.E.2d 520, 522 (Ind.Ct.App.2003). When the trial court imposes a sentence other than the presumptive sentence, we will examine the record to insure that the trial court explained its reasons for selecting the sentence it imposed. *Kelly v. State*, 719 N.E.2d 391, 395 (Ind.1999). The trial

court's statement of reasons must include the following components: (1) identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that led the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances were evaluated and balanced in determining the sentence. *Id.*

We note that our neglect of a dependent statute provides that

"(a) A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally: (1) places the dependent in a situation that endangers the dependent's life or health ... commits neglect of a dependent, a Class D felony.

(b) However, the offense is: ... (2) a Class B felony if it is committed under subsection (a)(1) ... and results in serious bodily injury."

Ind.Code § 35–46–1–4. Additionally, Indiana Code section 35–46–1–1 defines a "dependent" as "an unemancipated person who is under eighteen years of age."

■ Edwards correctly points out that generally, the age of the victim may not be used as an aggravating circumstance. *See Davis v. State*, 796 N.E.2d 798, 807–08 (Ind.Ct.App.2003), *trans. denied.* However, a trial court may consider the particularized factual circumstances of the case to be an aggravating factor. *Kile v. State*, 729 N.E.2d 211, 214 (Ind.Ct.App.2000). Moreover, the provisions of Indiana Code section 35–38–1–7.1(a)(4) state that whether the victim was less than twelve years old or more than sixty-five is a mandatory consideration of the sentencing court.

In *Kile*, we determined that the trial court properly found that the particular-

ized factual circumstances of the case—namely, the victim's young age of six years—was an aggravating factor. In so holding, we observed that while the neglect of a dependent statute requires the victim to be under eighteen years of age, it does not necessarily require that victim to be of an age as young as in this case. Hence, in relying on *Mallory v. State*, 563 N.E.2d 640, 647 (Ind.Ct.App.1990), we concluded that the trial court did not err in using the particularized factual circumstances of the case—namely the victim's age—as an aggravating factor. *Kile*, 729 N.E.2d at 214; *see also Buchanan v. State*, 767 N.E.2d 967, 971 (Ind.2002) (holding that it was proper for a trial court to rely upon the age of a victim of child molesting when the trial court noted that the victim was of particularly tender years).

As in *Kile*, it is apparent from the record that the trial court here considered D.T.'s age—fifteen months [6]—in relation to the nature and circumstances of the crime as a valid aggravating circumstance. Appellant's App. p. 81–82; tr. p. 52–53. Hence, we conclude that the trial court did not err in considering D.T.'s age as an aggravating circumstance in this case.

■ We note, however, that the trial court *did* err in considering Edwards's need for corrective and rehabilitative treatment as a separate aggravating circumstance. In *Cotto v. State*, 829 N.E.2d 520, 524–25 (Ind.2005), our Supreme Court held such a factor to be improper because the trial court had failed to explain why the defendant was in need of rehabilitative treatment that could best be provided by a penal facility. As the *Cotto* court observed, every executed sentence involves incarceration. *Id.* at 524. Hence, there must be a specific and individualized state-

ment explaining why extended incarceration is appropriate. *Id.; see also Hollins v. State*, 679 N.E.2d 1305, 1308 (Ind.1997) (holding that the trial court must provide a specific or individualized statement of the reasons justifying a sentence in excess of the presumptive term). As in *Cotto*, the trial court did not articulate such a statement when sentencing Edwards. Consequently, the use of this aggravating circumstance was improper.

■ Be that as it may, we note that when one or more aggravating circumstances cited by the trial court are invalid, the court on appeal must decide whether the remaining circumstance or circumstances are sufficient to support the sentence imposed. *See Merlington v. State*, 814 N.E.2d 269, 273 (Ind.2004). A single aggravating circumstance may be sufficient to sustain an enhanced sentence. *Powell v. State*, 769 N.E.2d 1128, 1135 (Ind.2002). Where the finding of some of the aggravators might be improper and others are valid, a sentence enhancement may still be upheld. *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind.1999).

■ In this case, the remaining aggravating factors identified by the trial court, including Edwards's criminal history—a juvenile adjudication for robbery, a violation of probation, and a misdemeanor conviction for disorderly conduct—as well as D.T.'s age, were properly considered. Tr. p. 50–51. Either one of these properly found aggravators could be used to enhance Edwards's sentence. As a result, we do not find that the trial court abused its discretion in sentencing Edwards through the improper use of aggravating factors. Thus, we decline to disturb Edwards's sentence.

---

**6.** Again, Edwards admitted in the stipulated factual basis that the D.T. was nearly fifteen months old. Appellant's App. p. 43.

*CONCLUSION*

In light of our discussion above, we conclude that Edwards was precluded from challenging his sentence as inappropriate under Indiana Appellate Rule 7(B) in light of the terms of his plea agreement. However, we also find that Edwards has not waived the right to challenge the trial court's finding and weighing of the aggravating and mitigating circumstances even though the plea agreement permitted the trial court to sentence him in accordance with a fifteen-year "capped" sentence. That said, Edwards has failed to show that the trial court abused its discretion in sentencing him as the result of the aggravating circumstances that were found.

The judgment of the trial court is affirmed.

NAJAM, J., and BAILEY, J., concur.