Cameron M. NIEMEYER,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0609–CR–443.

Court of Appeals of Indiana.

April 30, 2007.

Anthony S. Churchward, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Cameron M. Niemeyer appeals the twelve-year sentence imposed after he agreed to plead guilty to battery[1] and neglect of a dependent,[2] both Class B felonies. The trial court did not err in finding his criminal history was an aggravating circumstance that outweighed his guilty plea as a mitigating circumstance. Nor did it err in declining to find Niemeyer's alleged abusive childhood was a mitigating factor. Niemeyer's twelve-year sentence was not inappropriate in light of his character and the offense. We accordingly affirm.

## FACTS AND PROCEDURAL HISTORY

On December 25, 2005, Sandra Sosa contacted the Fort Wayne Police Department concerning injuries to her son, D.S. D.S. had been visiting Niemeyer, his father, for a few days. When Niemeyer returned D.S. to Sosa's house, Niemeyer told Sosa D.S. had bumped his head on a coffee table earlier and had been unconscious. D.S. was taken to the hospital, where he was treated by Dr. Jeffrey Nickel. Dr. Nickel stated:

[D.S.] had three main categories of injuries that I would stress. One, he had some choke marks on his neck on both sides.... And in addition to that, when somebody's choked, the venus [sic] return from the head increases the pressure and you end up with these small little, what we call petechial hemorrhages, which are tiny little red dots. Typically show up on the eyelids and ears. And he had both, he had these on both sides. He also had several areas of

---

1. Ind.Code § 35–42–2–1.

2. Ind.Code § 35–46–1–4.

bruising on both cheeks, both ears, which would be consistent with being struck by either slapped or punched or hit with an object ... The third main injury was a, what we call a right frontal subdural hematoma, which is a collection of blood between the lining of the brain, the dura, and the brain itself. And that's also caused by direct blunt force trauma.... And any subdural hematoma is potentially life threatening, it depends on how large they get and how much pressure they put on the brain.

(Appellant's App. at 93–95.)

Niemeyer told police D.S. fell from a couch and struck his head on the wood trim around the wall. Niemeyer was charged with battery and neglect of a dependent. He pled guilty and the trial court sentenced him to twelve years on each charge. The sentences would be served concurrently.

## DISCUSSION AND DECISION

Niemeyer argues his sentence is inappropriate because the trial court did not give proper mitigating weight to his guilty plea and did not consider his early childhood abuse. We disagree.

■ Sentencing decisions are within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Edwards v. State,* 842 N.E.2d 849, 854 (Ind.Ct.App.2006). The trial court found Niemeyer's criminal history was an aggravating circumstance that outweighed the mitigating circumstance of his guilty plea. The trial court did not find Niemeyer's abusive childhood a mitigating circumstance.

■ The trial court is not required to find mitigating circumstances, and if a defendant offers evidence of mitigators the trial court has the discretion to determine whether the factors are mitigating. It is not obliged to explain why it does not find the proffered factors to be mitigating. *Bocko v. State,* 769 N.E.2d 658, 667 (Ind. Ct.App.2002), *reh'g denied, trans. denied* 783 N.E.2d 702 (Ind.2002). Niemeyer has not demonstrated the court abused its discretion when it declined to find his abusive childhood was a mitigating circumstance.

■ The court found Niemeyer's guilty plea was a mitigator; nevertheless, Niemeyer claims the court failed to give it sufficient mitigating weight. If the court agrees a factor is mitigating, the weight assigned to it is generally at the trial judge's discretion; the judge is under no obligation to assign the same weight to a mitigating circumstance as would the defendant. *Covington v. State,* 842 N.E.2d 345, 348 (Ind.2006). The court found the mitigation of Niemeyer's pleading guilty was outweighed by the aggravation of Niemeyer's criminal history.

The State notes Niemeyer did not include a copy of the presentence investigation in his Appendix, which "hindered review of his sentence on appeal." (Br. of Appellee at 2.) However, the State could have filed its own appendix including the presentence investigation, which filing could have prevented our review from being "hindered." *See* Ind. Appellate Rule 50(B)(2) ("The [Appellee's] Appendix may contain additional items that are relevant to either issues raised on appeal or on cross-appeal."). Nevertheless, we are able to review this issue because the court discussed Niemeyer's criminal history at sentencing. Niemeyer, who was only twenty-one at the time of sentencing, had a lengthy criminal history:

Court does find as an aggravating circumstance your prior criminal record, as well as a juvenile adjudication for Battery, what would've been a Class A Misdemeanor had it been committed by an adult in October of 2000. As well, you

have a Felony conviction for Battery in 2003 from Hendricks County. You were given time in the Department of Correction. You were released to parole in August of 2003. Nine months later you were back in the Department of Correction on a parole violation, and ultimately discharged from the Department of Correction in June of 2004.

(App. at 102.)

██ Niemeyer's character, as reflected in his criminal history, is hardly stellar. The injuries Niemeyer caused his son could have been life-threatening. He could have received up to twenty years for each of his offenses; we accordingly cannot say his twelve-year sentence is inappropriate.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.