**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 27 2014, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BENJAMIN LOHEIDE**
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THOMAS WALTER GORSKI,    )
                         )
    Appellant-Defendant,    )
                         )
        vs.              )    No. 03A04-1404-CR-148
                         )
STATE OF INDIANA,        )
                         )
    Appellee-Plaintiff.     )

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1306-FA-3235

**August 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Thomas Walter Gorski appeals the twenty-eight-year aggregate sentence the trial court imposed for his convictions of neglect of a dependent resulting in serious bodily injury, a Class B felony, Indiana Code § 35-46-1-4 (2012); and attempted dealing in a narcotic drug, a Class B felony, Ind. Code §§ 35-48-4-1 (2006), 35-41-5-1 (1977). We affirm.

Rachel McCue and her then-seventeen-month-old son, Evan, moved into Gorski's Columbus, Indiana home on September 7, 2012. At that time, Evan's father told McCue that he objected to her leaving Evan alone with Gorski, expressing concern for the child's safety.

On the evening of November 25, 2012, police were dispatched to Gorski's home in response to a 911 call from McCue. Evan was not breathing, and one officer observed that he had numerous bruises. Evan was transported to a hospital, where he was pronounced dead.

A medical examiner determined that the cause of death was "blunt cranial-cerebral trauma with basilar skull fracture and left-sided subdural hematoma." Appellant's App. p. 46. The hematoma was not externally visible, but it covered "the entire left cerebral hemisphere of his head," to a depth of 1.2 centimeters. State's Sentencing Ex. 6, p. 9. In the medical examiner's opinion, the grave symptoms of the injury would have been obvious to "any reasonable caretaker," but it might not have been fatal if treatment had been sought immediately after the injury was inflicted. Tr. pp. 162-63.

The medical examiner further noted that Evan bore large numbers of bruises and scratch marks on his head, chest, arms, legs, and back, some of which were older and

2

healing while others were new. The medical examiner told police the only way Evan could have accumulated those injuries is if he had been "unrestrained in a massive automobile accident or being beat [sic] by an adult." Id. at 165.

Subsequent investigation revealed that McCue had left for work at 10:00 p.m. on November 24 and was gone until 8:00 a.m. on November 25. In her absence, Gorski was Evan's sole caretaker and also watched his two young children, who were staying the night. When McCue came home, Evan was in a crib and Gorski said he had put him to bed shortly before she arrived.

The mother of Gorski's children stopped by at 4:00 p.m. to pick them up. Gorski changed Evan's diaper at that time and said he was "fine." Id. at 41. McCue checked Evan at 8:00 p.m., twelve hours after returning home, and discovered he was not breathing. She called 911.

Gorski admitted to police that he abused hydrocodone and marijuana. McCue told police that Gorski had smoked marijuana that was laced with Fentanyl, a narcotic, right before she left for work on November 24. Gorski gave the police a blood sample, which contained cannabinoids and Fentanyl. He had a prescription for the Fentanyl.

In addition, the police searched Gorski's computer. They found an online discussion between Gorski and another person that had taken place on the night of November 24, when Gorski was watching Evan and his children. Gorski attempted to convince the other person to come to his home and trade marijuana for a Fentanyl patch. The deal fell apart because Gorski insisted that the person consume the Fentanyl at his home, and the person wanted to take the patch to his own residence.

3

Gorski could not explain Evan's skull fracture. He hypothesized that some of Evan's scrapes and bruises happened when Evan fell off of a bed or jumped out of a bathtub. None of the injuries were consistent with these claims.

The State charged Gorski with neglect of a dependent resulting in death, a Class A felony; attempted dealing in a narcotic drug, a Class B felony; three counts of neglect of a dependent, all Class C felonies; and dealing in a narcotic drug, a Class B felony. The parties entered into a plea agreement. Gorski agreed to plead guilty to neglect of a dependent resulting in serious bodily injury as a Class B felony, a lesser included offense of the Class A felony, and to plead guilty to attempted dealing in a narcotic drug. The State agreed to dismiss the remaining charges.

The trial court accepted the plea agreement. The court sentenced Gorski to sixteen years for neglect of a dependent and twelve years for attempted dealing, to be served consecutively for an aggregate sentence of twenty-eight years. This appeal followed.

Gorski's sole claim is that his sentence is inappropriate in light of his character. Article seven, section four of the Indiana Constitution authorizes Indiana's appellate courts to independently review and revise sentences. This constitutional authority is applied through Indiana Appellate Rule 7(B), which states that we may revise a sentence only when it is "inappropriate in light of the nature of the offense and the character of the offender."

A defendant bears the burden of persuading this Court that the sentence meets the inappropriateness standard. Barker v. State, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), trans. denied. In conducting this review, our principal role is to leaven the outliers.

4

Kennedy v. State, 934 N.E.2d 779, 788 (Ind. Ct. App. 2010). We give due consideration to the trial court's sentencing decision due to the court's unique perspective. Id.

At the time Gorski committed his crimes, the maximum sentence for a Class B felony was twenty years, the minimum sentence was six years, and the advisory sentence was ten years. Ind. Code § 35-50-2-5 (2005). Gorski received a sixteen-year sentence on one count and a twelve-year sentence on the other, to be served consecutively, so both sentences were above the advisory.

The nature of Gorski's crime of neglect of a dependent is heinous. Gorski consumed narcotic-laced marijuana before McCue left for work. Later, while Gorski was responsible for Evan, Evan sustained a severe injury through a necessarily brutal and callous act. Although Gorski pleaded guilty to neglect of a dependent resulting in serious bodily injury, the effects of the crime were far worse than contemplated by the statute because Evan died. Further, the medical examiner stated that the injury's symptoms would have been immediately obvious. Gorski stated that he checked on Evan periodically after putting him to bed on the morning of November 25, so he should have seen the injury.

In addition, as severe as Evan's injury was, it may not have been fatal if Gorski had immediately sought medical care. Instead, Gorski told McCue that Evan was fine and failed to discover or to disclose the severe injury, thereby depriving Evan of any chance of survival.

In addition to the skull fracture and resulting hematoma, Evan had accumulated a large array of bruises and scrapes that could probably have resulted from being beaten.

5

Gorski attempted to evade responsibility for the injuries by claiming that Evan had fallen off a bed and had jumped out of a tub, but the medical examiner stated that such mishaps could not have caused them.

Evan's age is also a factor. Any unemancipated person under the age of eighteen qualifies as a dependent for purposes of the crime of neglect. Ind. Code § 35-46-1-1 (2007). Evan was nineteen months old when he died, and as such he was completely unable to protect himself. This particularized factual circumstance justifies an enhanced sentence. See Edwards v. State, 842 N.E.2d 849, 855 (Ind. Ct. App. 2006) (the victim's young age was a proper aggravating circumstance in a prosecution for neglect of a dependent).

Turning to the nature of Gorski's attempt to deal in a narcotic drug, he negotiated the drug transaction online while he was solely responsible for three young children. Further, Evan was awake at the time, because he and McCue were habituating Evan to his mother's work schedule. Gorski attempted to trade Fentanyl for marijuana, which he had already used while the children were at his home.

Gorski's character is also poor. He argues that his criminal record is minor because his one prior conviction was for a Class B misdemeanor, and it occurred six years before his current crimes. However, Gorski concedes that the crimes for which he was being sentenced were much more grave in nature. Furthermore, he admitted to repeatedly using a wide variety of controlled substances for many years, which undercuts any claim to possessing a law-abiding character.

6

Gorski also claims he is unlikely to reoffend. The record shows that he is not particularly remorseful for his lengthy history of drug abuse or interested in ending his cycle of drug abuse. In addition, at sentencing the trial court assessed Gorski's "conduct and demeanor" and concluded that Gorski had not taken responsibility for his crimes. Tr. p. 201. As a result, we cannot agree that he is unlikely to reoffend.

Finally, Gorski points to his unstable and violent childhood and the death of his mother in 2011 as factors justifying a revised sentence. Gorski was thirty-one years old at sentencing. Evidence of a difficult childhood warrants little, if any, mitigating weight. Coleman v. State, 741 N.E.2d 697, 700 (Ind. 2000). Further, the death of Gorski's mother cannot explain the extensive injuries Evan experienced, including the injuries that caused his death. In addition, Gorski's mother's death cannot justify his attempt to deal in a controlled substance. Gorski has failed to convince us that his sentence is inappropriate.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

MAY, J., and ROBB, J., concur.