## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 13 2016, 7:56 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

John Mazurak
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Mazurak,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

January 13, 2016

Court of Appeals Case No.
57A03-1502-CR-42

Appeal from the Noble Circuit Court

The Honorable Michael J. Kramer, Special Judge

Trial Court Cause No.
57C01-1301-FC-2

**Bailey, Judge.**

# Case Summary

Subsequent to his plea of guilty to Theft, as a Class D felony,[1] John Mazurak ("Mazurak") filed a variety of pro se motions, including a Motion for Acquittal of Burglary, a Motion for Default Summary Judgment for Acquittal of Burglary, a Motion to Withdraw Plea, a Motion for Leave to Add Exhibits, a request for alleged exculpatory materials, a Motion for Abeyance of Withdrawal of Guilty Plea, and a Petition for Order to Delite Non Convictions of Non Crimes. The trial court entered an order purportedly denying all pending motions, but simultaneously appointed counsel to pursue appropriate motions and represent Mazurak at a future hearing. Mazurak appeals. We dismiss.

# Issue

Mazurak contends that the trial court erred by refusing to allow him to withdraw a guilty plea that was entered involuntarily. He also articulates a second issue, claiming that he should have been acquitted of Burglary.[2] We address the sole dispositive issue: whether there is an appealable final order in this case.

---

[1] Ind. Code § 35-43-4-2.

[2] I.C. § 35-43-2-1.

# Facts and Procedural History

[3] On December 29, 2012, Kendallville Police officers discovered a hole in the fence around the Dalton Foundry. Mazurak was discovered inside, dragging copper wire.[3]

[4] On January 2, 2013, the State charged Mazurak with Theft, Trespass, and Resisting Law Enforcement. On the following day, the State filed a Burglary charge. On November 14, 2013, Mazurak pled guilty to Theft and the remaining charges were dismissed. Mazurak was sentenced to three years imprisonment, to be served consecutive to a sentence incurred in another county.

[5] On May 23, 2014, Mazurak filed a motion to withdraw his guilty plea. He alleged that his plea was involuntary due to incorrect advice from his counsel, that the judgment was voidable because of changes to the Indiana Criminal Code, and that the theft statute was unconstitutionally vague and ambiguous. He filed numerous other pro-se motions, and successfully secured a change of judge. Ultimately, the matter was set for a hearing on January 9, 2015 to determine which motions were pending before the new judge.

---

[3] According to Mazurak, he had a "blackout spell" inside the foundry; he was "snapped out of his blackout spell by [an] invasion force raid;" he fled from police while in a disoriented state; and, unbeknownst to him, he was dragging something caught on his pant leg. (Appellant's Brief at 5.)

At the hearing, Mazurak was afforded the opportunity to proceed pro-se but – after some discussion of his limited access to a law library and his difficulty with writing due to a stroke – Mazurak reluctantly requested representation by appointed counsel. The trial court stated to Mazurak: "I'm just informing you that I'm not going to rule on … any sort of pro se motions they need to be filed by your attorney at this point. … I will wait for your attorney to request a hearing and depending upon what motions and how much time the attorney thinks it will take I'll set it then." (Tr. at 60-62.) However, the trial court entered a written order of denial:

> As a result of the numerous and confusing motions Defendant has filed pro se, and currently being represented by counsel, the court now denies all pending motions. Defendant's counsel may file any motions he or she deems appropriate.

(Appellee's App. at 9; Appellant's Brief at 22.) Mazurak filed a Notice of Appeal.

# Discussion and Decision

It is the duty of the Court of Appeals to determine whether it has jurisdiction before proceeding to determine the merits of any case. *Montgomery, Zukerman, Davis, Inc. v. Chubb Grp. of Ins. Cos.*, 698 N.E.2d 1251, 1252-53 (Ind. Ct. App. 1998), *trans. denied*. When the Court determines that it does not have jurisdiction, it shall dismiss the appeal. *Id.* at 1253.

[8]     A final appealable order or judgment is one that disposes of all of the issues as to all of the parties and puts an end to the particular case. *Id.* The sufficiency of a judgment is to be tested by its substance rather than its form. *Id.* The judgment must show distinctly, and not inferentially, that the matters litigated have been disposed of in favor of one of the parties and the rights of the parties have been finally adjudicated. *Id.* Even where the trial court's order lacks some of the details or formalities generally required in a judgment, the order is nevertheless a final appealable judgment where it disposes of all claims of all of the parties. *Id.*

[9]     Indiana Trial Rule 58 provides in pertinent part as follows:

> Entry of judgment. Subject to the provisions of Rule 54(B), upon a verdict of a jury, or upon a decision of the court, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter the judgment in the Record of Judgments and Orders and note the entry of the judgment in the Chronological Case Summary and Judgment Docket.

[10]    Indiana Trial Rule 54(B) provides in pertinent part as follows:

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

[11] Here, the trial court and Mazurak discussed and clearly anticipated further proceedings to address the merits of Mazurak's motion for withdrawal of his guilty plea. The trial court found the contentions of Mazurak's numerous motions to be confusing and inquired as to whether Mazurak wished to continue to pursue his claims pro-se. Mazurak related several concerns as to his health, abilities, and access to legal materials and eventually expressed his desire to have counsel appointed for him. The trial court verbally assured Mazurak that an evidentiary hearing would be scheduled upon proper motion from his attorney. In these unique circumstances, the trial court did not finally dispose of all claims and put an end to the particular case. Accordingly, we dismiss the purported appeal.

[12] Dismissed.

Vaidik, C.J., concurs.

Crone, J., dissents with separate opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Mazurak,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | Court of Appeals Case No.<br>57A03-1502-CR-42 |

**Crone, Judge, dissenting.**

[13]     I respectfully dissent.  In concluding that the trial court's judgment does not finally dispose of all of Mazurak's claims, the majority has elevated form over substance and unnecessarily prolonged this litigation.  The gravamen of Mazurak's numerous motions is that he should be allowed to withdraw his guilty plea.  The trial court denied those motions, and Mazurak appealed that ruling.  I would affirm the ruling on the merits for the reasons capably advanced by the State in its appellee's brief.  That Mazurak's appointed counsel can file additional motions is irrelevant.