[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10299

_____

LUCIOUS BOYD,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cv-62555-DPG

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

GRANT, Circuit Judge:

Lucious Boyd filed a motion to amend his federal habeas petition under Rule 15(a)(2). Alternatively, he said, his filing could be considered a motion for relief from the judgment under Rule 60(b)(6). Either way, it was an attempt to reopen his habeas proceeding to introduce new evidence supporting one of his claims.

And either way, it was too late. The district court had denied his claim on the merits more than two years earlier—thus closing his case, at least as far as the district court was concerned. Besides, this Court assumed exclusive control of Boyd's case when he filed his notice of appeal. Because the district court already denied his petition on the merits, any attempt to relitigate those claims is a second or successive petition. And because Boyd's new filing does not meet the requirements for a second or successive petition, we affirm the district court's dismissal.

## I.

Boyd is a Florida prisoner who was sentenced to death after being convicted of first-degree murder, sexual battery, and armed kidnapping. *Boyd v. State*, 910 So. 2d 167, 176 (Fla. 2005). Following a series of unsuccessful state collateral attacks, he filed for a federal writ of habeas corpus under 28 U.S.C. § 2254, raising six grounds for relief from his state convictions and death sentence.

The district court held an evidentiary hearing on one of those claims—Boyd's allegation that his Sixth and Fourteenth Amendment rights were violated when a juror lied about her disqualifying criminal history. That juror, Tonja Striggles, testified at the hearing. She admitted her criminal history, but also made a few unexpected disclosures: she was related to Boyd through marriage, she had heard about the murder before jury selection, and she had felt "stoned" during jury selection because of her prescription medications. Boyd argued after the hearing that Striggles's testimony supported his original juror-misconduct claim, but he did not set out these new disclosures as additional grounds for relief. Nor did he seek leave to amend his habeas petition. Nine months after the hearing, the district court denied Boyd's habeas petition on the merits. The court granted a certificate of appealability, and Boyd appealed.

Roughly two years later, while his appeal was still pending, Boyd moved in the district court for leave to amend his original habeas petition under Rule 15(a)(2) of the Federal Rules of Civil Procedure, or in the alternative, to reopen his habeas proceedings under Rule 60(b)(6). For the first time, he suggested that Striggles's disclosures provided independent grounds for his juror-misconduct claim. His proposed amended petition otherwise presented the same six claims as before. Boyd asserted that the amendments were allowed because the appeal of the original petition was still pending.

The district court disagreed. It determined that Boyd's motion was properly characterized as a second or successive habeas petition, which meant that he needed preauthorization from this Court before he could proceed in district court. 28 U.S.C. § 2244(b)(3). Because Boyd had neither sought nor received such authorization, the court rejected his motion.

The district court did grant a certificate of appealability on one issue: whether a habeas petitioner can seek leave to amend his petition while an appeal from a final judgment is pending, or whether such a motion is instead properly characterized as a second or successive habeas corpus petition. *See id.* § 2244(b). This appeal followed.

## II.

Ordinarily, we review a district court's denial of a motion for leave to amend a habeas petition under Rule 15(a) for abuse of discretion. *See Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 (11th Cir. 2014). But we review de novo a district court's determination that a prisoner's filing is a "second or successive" application for habeas corpus relief under § 2244(b). *Ponton v. Sec'y, Florida Dep't of Corr.*, 891 F.3d 950, 952 (11th Cir. 2018). We also review questions about the district court's jurisdiction de novo. *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007).

## III.

Under the Antiterrorism and Effective Death Penalty Act, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 590 U.S. 504, 509

(2020).  But he almost never gets another.  Federal law imposes strict limitations on "second or successive" applications for federal habeas corpus relief, which include showing that a claim has not been raised before and that it is either based on a new rule of constitutional law or newly discovered evidence proving a prisoner's factual innocence.  28 U.S.C. § 2244(b).  On top of that, the prisoner must first obtain approval from the federal court of appeals before filing in the district court.  *Id.*

Boyd, understandably enough, wishes to avoid these limitations.  To do that, he argues that his new district court filing should be treated as an amendment to his original habeas petition—the same petition currently pending on appeal in this Court—rather than as a "second or successive" habeas corpus application under § 2244(b).  His contention fails twice over.

*First,* under jurisdictional principles common to all federal civil cases, a prisoner cannot amend a habeas petition and relitigate the case after the district court has entered its final judgment and he has appealed.  A final judgment ends the district court proceedings, cutting off the opportunity to amend pleadings and precluding relitigation of any claim resolved by the judgment unless that judgment is first set aside.  And an appeal transfers jurisdiction to the appellate court, depriving the district court of authority to set aside its judgment or otherwise alter the status of the case as it stands before the court of appeals.  All that to say, by

the time a federal habeas petition is on appeal, it is too late to amend it—no different than in any other civil case.

*Second*, once a district court has entered its final judgment on the merits in a habeas case, a new filing by the same prisoner seeking federal habeas corpus relief from the same state conviction is almost always properly considered a second or successive habeas petition, no matter what the prisoner calls it.[1]  Boyd's "amended" petition, which raised the same six claims the district court denied on the merits two years before and added new evidence in support of one of them, easily qualifies as a second or successive habeas corpus application under § 2244(b).  Because Boyd did not receive authorization to file this petition (and could not have done so even if he had tried), the district court was correct to reject his filing.

**A.**

We begin by explaining what may seem obvious: a district court has no jurisdiction to grant a motion to amend a pleading that is no longer pending before it.  Before trial, the rules are more lenient—parties can seek leave to amend under Rule 15(a) (the rule Boyd cites), and district courts are instructed to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see* 28 U.S.C. § 2242 (amendments in habeas actions are governed by the rules of

---

[1] To date, the Supreme Court has identified only one exception to this general rule, allowing *"Ford* claims"—challenging the execution of a prisoner on the ground that he is insane—when they are filed as soon as they are ripe. *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) (citing *Ford v. Wainwright*, 477 U.S. 399 (1986)).  That exception does not apply here.

civil procedure).  But a trial court's final judgment "resolves conclusively the substance of all claims, rights, and liabilities of all parties to an action" and "ends the litigation on the merits" in the district court.  *Collar v. Abalux, Inc.*, 895 F.3d 1278, 1283 (11th Cir. 2018) (quotation omitted).  So once the court has entered final judgment, Rule 15(a) no longer applies and no amendment is possible unless the judgment is first set aside.[2]  *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010); *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins.*, 953 F.3d 707, 720 (11th Cir. 2020).

Boyd acknowledges this rule.  But he says it should not apply in habeas cases when an appeal from the district court's judgment remains pending.  He proposes instead that to ensure "one full opportunity to seek collateral review," state prisoners should be able to add or modify claims in a federal habeas petition at any point before appellate proceedings have concluded.  *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (quotation omitted).  So long

---

[2] For the first time at oral argument, Boyd suggested that his proposed amendment was permissible under Rule 15(b)(2), which provides for postjudgment amendments of the pleadings "to conform them to the evidence" and to raise an issue that was not pleaded but was tried by consent of the parties. Fed. R. Civ. P. 15(b)(2). The first problem with this argument is that Boyd forfeited it by failing to raise it earlier. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). And in any event, Boyd is not attempting to conform his pleading to the evidence the court considered. To the contrary, he is trying to change the result of his first habeas proceeding based on an argument he didn't make until after the district court entered final judgment.

as the petition remains pending somewhere, he says, the district court's judgment is not "final," and the petitioner should be allowed to go on litigating, revising, and relitigating his claims in the district court.

No. The notion that a petitioner could pursue his claims in the district court and in the court of appeals at the same time offends not just common sense, but firmly established rules of procedure. To begin, a district court's judgment in a civil case cannot be appealed unless it is "final" in the sense that it "ends the litigation on the merits" and "resolves the entire case," leaving "nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020); *see* 28 U.S.C. § 1291. This "long-established rule against piecemeal appeals in federal cases" applies equally in habeas corpus proceedings: a federal habeas judgment is appealable only if it is "final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." *Andrews v. United States*, 373 U.S. 334, 340 (1963) (quoting *Collins v. Miller*, 252 U.S. 364, 370 (1920)); *see* 28 U.S.C. § 2253.

Nor does appealing a final judgment somehow reopen the case in the district court as Boyd seems to suggest. To the contrary, an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quotation omitted). Until this Court decides an appeal and issues the mandate, the district court lacks jurisdiction

to rule in the case except on collateral issues or in aid of the appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179–80 (11th Cir. 2003); *Zaklama v. Mt. Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990). In the meantime, the district court has no authority to set aside its judgment, grant leave to amend the complaint, or allow any further litigation of the issues involved in the appeal. *See Mahone*, 326 F.3d at 1179–80; *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003).

What the transfer of authority from the district court to the court of appeals does *not* do is rob the district court's judgment of its effect while the appeal is pending. Instead, a district court's judgment is generally both effective and "final" for preclusion purposes as soon as it is entered. *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015). That is true whether or not the losing party files an appeal. *Id.* So although the appellate court may ultimately reverse or vacate the district court's final judgment, the appeal itself does not suspend the finality of the judgment or permit the losing party to start over in the district court while waiting for the appellate court to act.

These points add up to a simple conclusion—Boyd cannot relitigate his habeas petition in the district court while his appeal of the district court's judgment in that same case remains pending.

**B.**

But could he proceed on his proposed amended habeas petition as a separate action? No—his filing was a "second or successive habeas corpus application" under AEDPA. 28 U.S.C.

§ 2244(b).[3]  For that reason, the district court correctly dismissed Boyd's new petition because it did not satisfy AEDPA's strict requirements.

AEDPA does not define "second or successive," and the Supreme Court so far has declined to offer a global definition.  *See Banister*, 590 U.S. at 511–12.  The answer is clear here, however—a habeas petition that presents new evidence in support of a claim that was adjudicated on the merits in an earlier application "is in substance a successive habeas petition and should be treated accordingly."  *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see Tompkins v. Sec'y, Dept. of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009).  Any filing that "seeks to revisit the federal court's denial *on the merits*" of a habeas claim (besides a timely motion for

---

[3] We join the majority of our sister circuits that have considered the problem in holding that a "motion to amend" a federal habeas petition filed after the district court entered its final judgment and while an appeal remains pending should be treated as a "second or successive" habeas application under § 2244(b).  *See Rivers v. Lumpkin*, 99 F.4th 216, 220–21 (5th Cir. 2024); *Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016); *Phillips v. United States*, 668 F.3d 433, 435 (7th Cir. 2012); *Williams v. Norris*, 461 F.3d 999, 1003–04 (8th Cir. 2006); *Balbuena v. Sullivan*, 980 F.3d 619, 636–37 (9th Cir. 2020); *Ochoa v. Sirmons*, 485 F.3d 538, 540–41 (10th Cir. 2007).  The Second and Third Circuits have taken a different view, holding that "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions." *United States v. Santarelli*, 929 F.3d 95, 105 (3d Cir. 2019) (quoting *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005)).  For reasons we have explained, we respectfully disagree.

reconsideration) presented in an earlier habeas petition is a "second or successive" application for habeas corpus relief—no matter what the prisoner labels it. *Gonzalez*, 545 U.S. at 534 (emphasis in original); *see id*. at 532; *Banister*, 590 U.S. at 517–18.

And a second or successive petition, as we briefly explained earlier, is subject to several highly restrictive limitations. To start, a prisoner must ask the circuit court for authorization to file, which can only be granted if he shows that the claims he seeks to raise have not been presented in an earlier petition. Plus, a would-be petitioner must also show one of two things: that his claims are based on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or newly discovered clear and convincing evidence establishing his factual innocence of the underlying crime. 28 U.S.C. § 2244(b)(1)–(3).

Boyd did none of this. More than two years after the district court denied all of his claims on the merits in a 79-page order, he filed a new pleading raising the same claims as before, and challenging the same state court convictions and death sentence as before. He did not request preauthorization from this Court or otherwise attempt to meet any of the requirements for a second or successive habeas petition. The fact that Boyd styled his new pleading as a "motion to amend" his previously adjudicated habeas petition or to set aside the judgment under Rule 60(b) does not evade the ordinary jurisdictional limitations on the one hand, or

save his filing from AEDPA's restrictions on second or successive petitions on the other. *See Gonzalez*, 545 U.S. at 531–32.

So Boyd's filing, though labeled as a motion to amend or to set aside the judgment, was a "second or successive habeas corpus application" under § 2244(b). And that means the district court lacked jurisdiction to consider it because he did not obtain authorization from this Court before filing.

★　　★　　★

A prisoner's "one chance to bring a federal habeas challenge to his conviction" does not mean that prisoner can amend a habeas petition ad infinitum and outside the ordinary rules of civil procedure. A district court's final judgment resolving an application for federal habeas corpus on the merits does what it sounds like—it ends the litigation in the district court. And filing a notice of appeal, rather than preserving some kind of right to amend, sets up additional jurisdictional barriers—once the case is on appeal, the district court cannot reopen proceedings to permit new claims or allow the petitioner to relitigate old ones. At that point, the only way to bring a new claim challenging the same state court judgment is by satisfying the requirements for a second or successive habeas corpus application. 28 U.S.C. § 2244(b). Here, that did not happen.

We therefore **AFFIRM** the district court's judgment.

22-10299                JILL PRYOR, J., Concurring                1

JILL PRYOR, Circuit Judge, Concurring:

We hold today that when a federal habeas petitioner files a motion to amend a petition while an appeal from the denial or dismissal of the petition is pending, the motion is properly characterized as second or successive under 28 U.S.C. § 2244(b). Section 2244(b) requires the petitioner to obtain authorization from our Court before the district court has jurisdiction to consider the amendment. I concur and join the majority opinion.

I write separately to add one clarifying point about what happens if, on appeal from the denial or dismissal of the initial petition, the petitioner succeeded in obtaining vacatur of the district court's ruling and remand to the district court. Once the district court's ruling denying or dismissing the petition was vacated, on remand there would no longer be a final judgment. *See McKiver v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1357, 1367 (11th Cir. 2021) (explaining that a vacated or reversed decision is "officially gone" and "has no legal effect whatever" (internal quotation marks omitted)); *Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982) (stating that "no final judgment on the merits exist[ed]" after the appellate court vacated it). It follows that if the petitioner wanted to amend his petition on remand, he would not need to file an application seeking authorization from this Court under § 2244(b)(2). Instead, he would be free to file a motion to amend in the district court. And in deciding whether to grant leave to amend, the district court would look to Federal Rule of Civil Procedure 15, not § 2244(b). *See Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 470–71 (5th Cir. 2023)

(explaining that petitioner's motion to amend, filed after vacatur and remand to the district court, was properly reviewed under Rule 15).

And this would be true even if, before filing a motion to amend in the district court, the petitioner first filed a second-or successive application in this Court, and we denied it. We may authorize a district court to consider a second or successive application only if (1) the petitioner's "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the "facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). But this rigorous standard does not apply to a motion to amend a habeas petition when, upon remand, the motion is filed in the district court.

As the majority opinion acknowledges, our decision today about how a district court must treat a motion to amend filed while the petitioner has a pending appeal conflicts with decisions from the Second Circuit in *Whab v. United States*, 408 F.3d 116 (2d Cir. 2005), and the Third Circuit in *United States v. Santarelli*, 929 F.3d 95 (3d Cir. 2019). But it is worth noting that a petitioner who succeeds on appeal may, as a practical matter, end up in much the same

22-10299                JILL PRYOR, J., Concurring                3

position under our decision as he would under the Second Circuit's or Third Circuit's approaches. Under all three approaches, on remand the district court would apply Rule 15's standard to determine whether to grant the petitioner leave to amend his petition.