[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13703

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL RAY ALFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:16-cr-00028-RH-MAL-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Michael Alford, proceeding *pro se*, filed a Federal Rule of Civil Procedure 15(c)(1)(B) motion to "clarify and amplify" claims that were presented in an earlier 28 U.S.C. § 2255 motion to vacate. That motion to vacate was denied by the district court and is currently on appeal. The district court also denied the follow-on Rule 15 motion, and Alford now appeals that ruling here. After review,[1] we affirm.

Rule 15 allows a party to seek leave to amend a pleading prior to trial, and instructs district courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "An amendment to a pleading relates back to the date of the original pleading when" it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

However, Rule 15 has no application once the district court has entered final judgment, "and no amendment is possible unless the judgment is first set aside." *Boyd v. Sec'y, Dep't of Corr.*, 114 F.4th 1232, 1237 (11th Cir. 2024). Additionally, we held a Rule 15 "motion to amend a federal habeas petition filed after the district court entered its final judgment and while an appeal remains pending should be treated as a second or successive habeas application,"

---

[1] We review a district court's application of Rule 15 for an abuse of discretion. *Davenport v. United States*, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000). Similarly, to the extent Alford's motion can be construed as invoking Federal Rule of Civ. P. 60(b), we review the district court's application of that rule for an abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

over which the district court lacks jurisdiction, unless the petitioner has obtained authorization from this Court. *Id.* at 1238 n. 3, 1239 (quotation marks omitted).

The district court did not abuse its discretion in denying Alford's motion.[2] Alford styled that motion as a Rule 15(c)(1)(B) motion and referred to it as such in the briefs. Notwithstanding *Boyd*, Alford's Rule 15 motion sought to clarify and amplify the claims in the underlying § 2255 motion to vacate, which the district court had denied and entered judgment on in 2022. Because Alford's Rule 15 motion related to a case on which the district court had entered final judgment and that was pending on appeal, Rule 15 had no application, and the district court did not abuse its discretion by denying the motion. *See Boyd*, 114 F.4th at 1237.

Furthermore, even if the district court had construed Alford's motion as a motion for relief from the judgment pursuant to Rule 60(b), it would not have abused its discretion by denying it. *See* Fed. R. Civ. P. 60(b)(1)-(6) (allowing parties to obtain relief from a final judgment under various circumstances). As Alford's reply brief stated, the motion to amplify and clarify essentially sought to "argue[] the same claim[s]" that had been brought in the underlying § 2255 motion "in a different manner with additional understanding." Because Alford's motion sought to reassert the claims that had previously been brought in the § 2255 motion, it

---

[2] We reject the Government's argument the district court lacked jurisdiction to deny Alford's motion to clarify and amplify. While the appeal from the denial of Alford's § 2255 motion divested the district court of authority to "set aside its judgment, grant leave to amend the complaint, or allow any further litigation of the issues involved in the appeal," *Boyd*, 114 F.4th at 1237, the district court retained authority to deny the post-judgment motion "in aid of the appeal," *see* Fed. R. Civ. P. 62.1(a)(2); *Boyd*, 114 F.4th at 1238.

"attack[ed] the [district] court's previous resolution of a claim on the merits," and would be considered a successive application, requiring this Court's authorization. *See* 28 U.S.C. § 2255(h) (providing a second or successive application must be authorized by the court of appeals); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (explaining a Rule 60(b) motion that "attacks the federal court's previous resolution of a claim on the merits" is construed as a second or successive application (emphasis omitted)). Alford never obtained authorization to file a successive § 2255 motion from this Court, and the district court therefore did not abuse its discretion by denying Alford's motion to clarify and amplify. Accordingly, we affirm.

**AFFIRMED**